IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENRIQUE TORRUELLA-TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 16-920-SLR |
| | ) |
| FCI FORT DIX, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Enrique Torruella-Torres ("plaintiff"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this *Bivens* action claiming violations of his constitutional rights.[1] (D.I. 3)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."

---

[1] "A 'Bivens action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." *Banks v. Roberts*, 251 F. App'x 774, 775 (3d Cir. 2007) (unpublished). Where a litigant sue federal actors for damages on constitutional grounds, the claim is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. National Org. for Women*, 681 F. Supp. 129, 132 (D. Conn.1987) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).

*Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a

2

claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See Johnson v. City of Shelby, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See id. at 346.

6. Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

7. **Discussion**. In 2006, plaintiff cooperated in a criminal case and, as part of the agreement, was given "the warranty safety" that he would: (1) never have contact with his co-defendant; (2) be protected; and (3) be relocated to another state. In March 2009, plaintiff traveled to Wilmington, Delaware as part of the relocation process. Plaintiff engaged in criminal activity in 2014 and, on April 4, 2014, his supervised release was revoked.

8. Plaintiff was sentenced to 24 months imprisonment. During the sentencing hearing, he requested that he serve his time at FCI-Fort Dix in New Jersey. When plaintiff made the request he was unaware that his co-defendant was housed there. Plaintiff was transferred to FCI-Fort Dix on May 6, 2014. He notified the R&D C/O custody officer of the details of his case, including his cooperation and status of separation from any co-defendant. On May 15, 2015, as he was returning to his unit, he was assaulted by several inmates, one of whom was his co-defendant. He was taken to a hospital for treatment and, upon his return, placed in "SHU" (*i.e.*, special housing unit) where he remained for 149 days. Plaintiff alleges that during this time his "federal inmate benefits" were cancelled. He was told by a prison officer that he was placed in SHU for his safety and protection. Plaintiff alleges that he received the punishment of SHU "like other inmates who were housed there due to other problems."

9. An investigation revealed that plaintiff was assaulted by his co-defendant. He was told that the responsibility for the assault fell on him because he made the request to be housed at FCI-Fort Dix. Plaintiff alleges that his Bureau of Prisons ("BOP") file should have contained written details of his cooperation and no contact with his co-

4

defendant. Plaintiff alleges that, as a result of the May 15, 2014 assault, he sustained several injuries. He seeks compensatory damages.

10. **Limitations Period.** In *Bivens* actions, the rules for determining the limitation period are the same as those used in 42 U.S.C. § 1983 actions. *See Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1087 (3d Cir. 1988). The court looks "to the general, residual statute of limitations for personal injury actions" from the state where the federal court sits[2] unless the state limitations period is inconsistent with the Constitution or federal law. *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000). The court must also account for the state's tolling rules. *Id.* In both Delaware and New Jersey, *Bivens* actions are subject to a two-year limitations period.[3] *See* 10 Del. C. § 8119; N.J.S.A. 2: 14-2; *McGill v. John Does A-Z*, 541 F. App'x 225, 227 (3d Cir. 2013) (unpublished). *Bivens* claims accrue "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

11. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and

---

[2]Because the alleged assault occurred in New Jersey, it appears that venue may be more appropriate in the United States District Court for the District of New Jersey.

[3]The allegations indicate that the acts complained may have occurred in both Delaware and New Jersey and, therefore, the court considers the limitations period for each state.

no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." Davis v. Gauby, 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)).

12. Plaintiff complains of acts occurring on or before May 15, 2014 and, in particular, the assault he suffered at the hands of his co-defendant occurred as a result of alleged wrongdoing by defendants. Plaintiff did not file his complaint until October 3, 2016, some five months after the expiration of the two-year period.[4] It is evident from the face of the complaint that his claims are barred by the two-year limitations period. Because plaintiff's allegations are time-barred, the court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

13. **Conclusion.** For the above reasons, the court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and § 1915A(b)(1). Amendment is futile. A separate order shall issue.

Dated: November 22, 2016

UNITED STATES DISTRICT JUDGE

---

[4]The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule" that holds a complaint is deemed filed as of the date it was delivered to prison officials for mailing to the court. See Houston v. Lack, 487 U.S. 266 (1988); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998); Gibbs v. Decker, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Plaintiff's complaint was signed on October 3, 2016. Therefore, plaintiff's complaint was delivered to prison authorities for mailing on or after October 3, 2016. Giving plaintiff the benefit, the court concludes that plaintiff's complaint was filed on October 3, 2016, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.